**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jeffrey Allen Koistinen,<br><br>Defendant. | No.　　　CR-23-01495-001-TUC-AMM (EJM)<br><br>**ORDER** |
|---|---|

On April 9, 2026, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") recommending this Court deny Defendant Jeffrey Allen Koistinen's Motions to Suppress. (Doc. 113.) On April 21, 2026, Defendant objected to the R&R, and the Government responded on May 5, 2026. (Docs. 114–115.) For the reasons discussed herein, the Court will overrule the objections and adopt the R&R.

## I.　　OVERVIEW

The present motions arise from state search warrants issued on August 16 and 17, 2022, wherein local law enforcement investigating a marijuana grow operation executed multiple search warrants on Defendant Koistinen's three houses, including his personal residence located at 4495 West Butterfly Mountain Drive ("Butterfly Mountain"). (Doc. 34 at 1–2.) The Butterfly Mountain search warrant, obtained and executed on August 17, 2022, included authority to search the residence, a motor home on the property, and Defendant's person for evidence of money laundering and unlawful marijuana grow activities. (Doc. 34-1 at 28.) It further authorized law enforcement to seize and search the

contents of any computers and cellphones for evidence of these crimes because, as the affiant stated, investigators were looking for records, documents, and proceeds, which are often stored on electronic devices. (*Id.* at 21–24.)

During the investigation on August 17, 2022, three vehicles were seen on Butterfly Mountain Drive and believed to be connected to the operation. Throughout the evening, these vehicles were stopped, and addenda to the warrant were obtained to search a white Tesla (with an Arizona license plate "YTesla") driven by Defendant with Mrs. Koistinen as a passenger, a white BMW (with a California license plate) driven by Defendant's son Brandon, and a white Tesla (with a California license plate) driven by Brandon's girlfriend. (Doc. 45 at 7; Doc. 33 at 3.)

About a week after the Butterfly Mountain search, Detective Fernando Robles reviewed the extractions of a blue iPhone that was recovered in the search. (Doc. 104 at 47.) After Detective Robles discovered suspected images of child sexual exploitation on the blue iPhone, law enforcement obtained another state search warrant to search the blue iPhone and the other electronic devices for evidence of child pornography.[1] (*Id.* at 47–49.) Defendant does not challenge the lawfulness of that search warrant. Instead, Defendant seeks to suppress all evidence obtained as the result of the August 17, 2022 search warrant and addenda asserting (1) an unlawful search and seizure of an overbroad category of electronics as well as a lack of specificity and probable cause, and, alternatively, (2) an unlawful search and seizure of the blue iPhone seized outside the scope of a warrant. (Docs. 33–34.) The Government contends that any search and seizure were done pursuant to a valid search warrant, search warrant addenda, or an exception to the warrant requirement. (Docs. 45–46.)

The Magistrate Judge held evidentiary hearings on February 23, 2026, and March 5, 2026. (Docs. 104, 109.) After so doing, the Magistrate Judge found (1) there was

---

[1] Defendant was subsequently charged with (1) Attempted Productions of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); (2) Attempted Coercion and Enticement, in violation of 18 U.S.C. § 2422(b); and (3) Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (Doc. 13.)

probable cause for the Butterfly Mountain search warrant and addenda issued for the search of Defendant's residence, his person, the vehicles, and any electronics found in those locations; (2) even if probable cause did not exist, the good faith exception applies; (3) the Butterfly Mountain search warrant and addenda were not overbroad and the items seized were described with sufficient particularity; (4) the blue iPhone was found in Defendant's vehicle or a container within that vehicle; and (5) while the blue iPhone was not seized pursuant to the warrant addendum, it was lawfully seized pursuant to either the automobile exception or the doctrine of inevitable discovery. (*See* Doc. 113.)

## II.   FACTUAL BACKGROUND

The parties do not dispute the material facts in this matter and do not object to the Magistrate Judge's findings of fact.[2] As such, the Court will adopt the factual findings in the R&R with two clarifying points in the record:

First, the Magistrate Judge found that Officer Duarte's BWC video "shows the rear hatch of [D]efendant's vehicle open and then officers close it." (Doc. 113 at 8 n.7 (citing Ex. 12 at 11:15).)[3] Upon a de novo review, the Court further finds the video also shows two officers leaning into the vehicle's back seat and then trunk at 6:40 p.m. (Ex. 12 at 10:22–11:30.) The two officers appear to cursorily search the vehicle prior to the YTesla warrant addendum being issued at 7:56 p.m.[4] (Ex. 1 at 3.) Second, the Magistrate Judge found that the BWC video "shows Officer Hengsteler picking up the purse and phone from the front windshield/hood area of the [D]efendant's car and handing them to the [D]efendant's wife through the passenger window." (Doc. 113 at 7 n.5 (citing Ex. 11 at 29:00).) Upon a de novo review, the Court finds the BWC video shows law enforcement escorting Mrs. Koistinen away from the YTesla at 6:35 p.m. and that she is no longer in the passenger seat when Officer Hengsteler puts the items in the vehicle at 6:52 p.m. (Ex.

[2] The Magistrate Judge does not make explicit credibility findings; however, his reasoning and conclusions rely on implicit findings. No objections have been raised to these implicit findings.

[3] Officers Hengsteler and Duarte's BWC videos were admitted into evidence as Exhibits 11 and 12, respectively, at the February 23, 2026 evidentiary hearing. (Doc. 104 at 24, 111.)

[4] The affidavit for the addendum was admitted into evidence as Exhibit 1 at the March 5, 2026 evidentiary hearing. (Doc. 109 at 11.)

11 at 12:28, 29:02; Ex. 12 at 8:52, 22:08.)

### III.    STANDARD OF REVIEW

#### a.  Objections to the R&R

A party may file "specific written objections to the [R&R's] proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See* Fed. R. Crim. P. 59(b)(3); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *See* Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error the unobjected-to portions of the R&R. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

#### b.  Burden of Proof

The standard of review on a motion to suppress is by a preponderance of the evidence. *See United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974) ("[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence."). "[T]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Caymen*, 404 F.3d 1196 (9th Cir. 2005) (quoting *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978)). When a defendant makes an initial showing that a search occurred without a warrant, the burden shifts to the government to prove that the warrantless search or seizure falls within one of the established exceptions. *See United States v. Scott*, 705 F.3d 410, 416 (9th Cir. 2012); *see also United States v. Steinman*, 159 F.4th 550, 568 (9th Cir. 2025), *cert. denied*, No. 25-7245, 2026 WL 1640844 (U.S. June 8, 2026) ("Because warrantless searches and seizures are *per se* unreasonable, the government bears the burden of showing that a warrantless search or seizure falls within an exception to the Fourth Amendment's warrant requirement." (quoting *United States v.*

*Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012))).

### IV. DISCUSSION

#### a. All Electronics

Defendant renews his argument that the Butterfly Mountain warrant lacked specificity and was unsupported by probable cause. (Doc. 114 at 5, 10, 12–15.) Having reviewed and considered the objections, the Court disagrees. For all the reasons well-articulated by the Magistrate Judge, there was probable cause for the Butterfly Mountain search warrant and addenda. Similarly, this Court, after a de novo review, agrees that the good faith exception applies even if there was no probable cause for the search warrant and addenda.

The Court further finds that the warrant was sufficiently particularized as it limited the search to evidence of a specific crime and could not be narrowed further (e.g., by a specified time period) because evidence of a sophisticated marijuana grow conspiracy could reasonably include an extended swath of time. For these reasons, the Court overrules the objection and finds probable cause existed for the warrant and that the warrant does not fail for want of specificity.

#### b. Blue iPhone

Defendant objects to the Magistrate Judge's finding that the blue iPhone was seized pursuant to a warrant exception, arguing the Government cannot show where or when the phone was seized. (*Id.* at 2–3, 6–7.) He further contends that even if the seizure was lawful pursuant to a warrant exception, a separate, subsequent warrant was still required for the initial search of the blue iPhone because the Butterfly Mountain warrant and addenda could not apply to evidence seized outside that warrant and addenda. (*Id.* at 6–8.) Finally, he maintains that the Government cannot rely on the doctrine of inevitable discovery because it cannot show a lawful basis for either the seizure or search of the blue iPhone. (*Id.* at 7–8.)

#### i. YTesla Warrant Addendum

Although not challenged by either party, the Court has considered whether the blue

iPhone was seized pursuant to a valid warrant. The Court conducted a de novo review of this finding because the evidence before the Court initially suggested that (1) the officers on scene expressed a need for a warrant addendum to search the YTesla at 6:35 p.m., shortly after stopping Defendant, (2) a four minute period of time, at most, could have lapsed between Officer Duarte's BWC video shutting off at 7:52 p.m. and the execution of the warrant addendum at 7:56 p.m., and (3) it appeared that no search of the YTesla occurred before the addendum issued. (*See* Ex. 1 at 3; Ex. 11 at 12:35; Ex. 12 at 1:22:00.) However, upon a de novo review, the Court finds the evidence shows two officers leaning into the back seat and trunk of the YTesla, apparently searching, at 6:40 p.m. (Ex. 12 at 10:22–11:30.) This occurred just minutes after Officer Hengsteler said a warrant addendum was needed to search "that," and gesturing toward the YTesla, and over an hour before the 7:56 p.m. addendum issued. As such, the Court will adopt the Magistrate Judge's finding that the blue iPhone was not seized pursuant to a valid warrant.

However, because the Court agrees that the blue iPhone was seized pursuant to a lawful warrant exception, the Court finds the phone was thereafter searched pursuant to the valid warrant addendum. While Defendant asserts the Magistrate Judge's "extension of the warrant to permit the search of a phone *not seized pursuant to the warrant*, is deeply flawed," the Court finds Defendant's reliance on *Riley v. California*, 573 U.S. 373 (2014) and *United States v. Camou*, 773 F.3d 932 (9th Cir. 2014) is inapposite. (Doc. 114 at 5, 7–10.) These cases hold that the fact that a cell phone is seized pursuant to a warrant exception, such as a search incident to arrest or the automobile exception, does not justify the warrantless search of the cell phone. *See Riley*, 573 U.S. at 403; *see also Camou*, 773 F.3d at 943. Notably, the facts of the present case do not violate that principle. The blue iPhone was seized pursuant to a warrant exception, but it was not searched until a week later pursuant to the subsequent warrant addendum. As such, Defendant's objection is overruled.

### ii.  Automobile Exception

Defendant argues that the automobile exception does not apply because officers had

control of the scene and he was secured in the back of the vehicle. (*See* Doc. 33 at 6–8 (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 460–63 (1971)).) In response, the Government argues Defendant waived his objection to the Magistrate Judge's finding that the automobile exception applied to the seizure of the blue iPhone. (Doc. 115 at 2.) The Court finds Defendant sufficiently raised the objection and will consider de novo whether the blue iPhone was seized pursuant to the automobile exception.

While the Fourth Amendment generally requires evidence be seized pursuant to a valid search warrant, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *see also California v. Acevedo*, 500 U.S. 565, 580 (1991) (extending the automobile exception to containers found in the vehicle). As the Supreme Court first recognized over 100 years ago in *Carroll v. United States*, 267 U.S. 132, 153 (1925), the "automobile exception" is based on the "ready mobility" of an automobile, along with the individual's "reduced expectation of privacy" due to "pervasive regulation of vehicles capable of traveling on public highways." *California v. Carney*, 471 U.S. 386, 390–92 (1985). No separate exigency finding is required. *See Maryland v. Dyson*, 527 U.S. 465, 467 (1999).

Notably, the automobile exception, "[u]nlike search incident to arrest, . . . is not rooted in arrest and the . . . rationales of preventing arrestees from harming officers and destroying evidence." *Camou*, 773 F.3d at 941. "Moreover, unlike searches incident to arrest, searches of vehicles and containers pursuant to the vehicle exception need not be conducted right away." *Id*. at 941–42 (citing *United States v. Johns*, 469 U.S. 478, 487–88 (1985)) (noting that the scope of the automobile exception is "broader" than that of a search incident to arrest); *see also Steinman*, 159 F.4th at 577 ("[T]he automobile exception may apply even if the automobile has been towed back to the police station or elsewhere." (first citing *Acevedo*, 500 U.S. at 570, then citing *Chambers v. Maroney*, 399 U.S. 42, 52 (1970))).

Here, at the time of the stop, law enforcement had probable cause to believe

evidence of the marijuana grow operation was in the YTesla for the same reasons articulated in the Butterfly Mountain warrant. Further, the YTesla was readily mobile because it was stopped shortly after leaving the Butterfly Mountain residence. And, while the precise moment when law enforcement seized the blue iPhone is not clear from the record, sufficient evidence supports the finding that it was seized from the YTesla or a container within that vehicle, such as Mrs. Koistinen's purse. This finding is supported by Defendant's statement that his phone was in the car or with his wife and the BWC video showing that the phone was not found on Defendant's person.[5] (Ex. 11 at 13:35; Ex. 12 at 3:26–4:33.) Accordingly, the Court finds the Government has met its burden by a preponderance of the evidence that the blue iPhone was seized pursuant to the automobile exception. Defendant's objection is therefore overruled.

### iii. Inevitable Discovery

Defendant objects to the Magistrate Judge's finding that the blue iPhone was seized pursuant to the doctrine of inevitable discovery. (Doc. 114 at 11.) Upon a de novo review, the Court agrees with the Magistrate Judge's well-reasoned discussion of the inevitable discovery doctrine and its application to this case. Accordingly, Defendant's objection is overruled.

### V.    CONCLUSION

The Court has reviewed the Magistrate Judge's R&R (Doc. 113), Defendant's objections (Doc. 114), the Government's response (Doc. 115), as well as the parties' briefs, and the record. Accordingly, after an independent review,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED AS MODIFIED**. (Doc. 113.)

**IT IS FURTHER ORDERED** that the Motion to Suppress Electronics and the Motion to Suppress Blue iPhone are **DENIED**. (Docs. 33–34.)

///

///

---

[5] Defendant did not move to suppress any of his statements.

- 8 -

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Eric J. Markovich for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCrim 57.6.

Dated this 26th day of June, 2026.

Honorable Angela M. Martinez
United States District Judge